UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                               Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                   08-CV-6300L

            v.

HONEOYE FALLS LIMA CENTRAL
SCHOOL DISTRICT,

                               Defendant.
_____

Plaintiff Bernice Malcolm ("plaintiff") was employed by defendant Honeoye Falls-Lima Central School District (the "District") from January 2001 until her resignation in July 2007, effective June 30, 2008.

On or about July 16, 2007, the plaintiff entered into a Settlement Agreement (the "Settlement Agreement") with the District's Board of Education (the "Board"). The Settlement Agreement provides, inter alia, that plaintiff will resign from her position with the District in exchange for the Board's withdrawal of certain disciplinary charges against plaintiff, as well as payment of the balance of plaintiff's salary for that school year, miscellaneous other compensation and the continuation of certain benefits for an extended period. (Dkt. #3-2, Exh. A). In connection with the Settlement Agreement, plaintiff executed a Limited Release (the "Release") discharging the Board

and its members, officers, employees and agents from any and all state, federal and common law claims of any kind, with the exception of proceedings pursuant to the New York State Workers' Compensation Law, and claims alleging breach of the Settlement Agreement. *Id.* at Exh. 4.

Plaintiff commenced the instant action, *pro se*, against the District on July 7, 2008, alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq ("NYHRL"), and breach of contract. In lieu of an answer, the District moved to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that plaintiffs' federal claims are barred by the Release, and that the Court need not exercise jurisdiction over plaintiff's breach of contract claim. (Dkt. #3).

Plaintiff thereafter filed an Amended Complaint (Dkt. #9).[1] Primarily, both the initial and Amended Complaints allege that the District subjected plaintiff to a hostile work environment based on her race, sex, and age, unfairly scrutinized her performance, and retaliated against her for complaining about the discrimination. Plaintiff further contends that the District breached the Settlement Agreement by, inter alia, failing to pay plaintiff certain benefits, and making disparaging remarks about her to prospective employers. (Dkt. #1 at ¶19; Dkt. #9 at ¶¶150-199).

For the reasons set forth below, the District's motion to dismiss (Dkt. #3) is granted.

---

[1] Because the District had not yet answered the original Complaint, plaintiff was entitled to amend it as of right pursuant to Fed. R. Civ. Proc. 15(A)(1)(a). The Court notes that the United States Supreme Court has approved prospective changes to Fed. R. Civ. Proc. 15, effective December 1, 2009, which will restrict such amendments in the future to "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier."

**DISCUSSION**

I.  **Standard on a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.  **Plaintiff's Discrimination Claims**

In determining whether plaintiff has stated a claim, a court's review is generally limited to the complaint itself. However, where, as here, additional documents are incorporated by reference or are otherwise integral to the complaint, those documents may also be appropriately considered. *See Holmes v. Poskanzer*, 2009 U.S. App. LEXIS 15976 at *2 (2d Cir. 2009) (in analyzing a motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6)*,* "[t]he complaint includes any statements or documents incorporated in it by reference [and any document upon which] the complaint relies heavily in its terms and effect, which renders the document integral to the complaint"); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002) (same). Thus, in analyzing the District's motion to dismiss, I consider the Amended Complaint, as well as the

entire Settlement Agreement to which it refers, including the Release, which is attached to the Settlement Agreement as Exhibit 4. (Dkt. #9, Dkt #3-2, Exh. A).

Upon review of these documents, it is manifest that plaintiff's discrimination claims, all of which pre-date the execution date of the Release, must be dismissed. It is well-settled that "a settlement is a contract, and once entered into is binding and conclusive." *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989). As such, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d. Cir. 1997).

Here, the Release explicitly provides, in relevant part, that plaintiff discharges the District from liability for all federal, state and local claims that plaintiff "now has or hereafter can, shall or may, have from the beginning of the world to [July 16, 2007]." (Dkt. #3-2, Exh. A at sub-exh. 4). Plaintiff makes no allegation that the Release is ambiguous or unclear, or that she did not execute it voluntarily – rather, she argues that the Release permits her to pursue employment discrimination claims which post-date July 16, 2007, the date she executed the Release. This point is moot with respect to plaintiff's discrimination claims, however, since the Amended Complaint does not contain any allegations of unlawful employment discrimination occurring after July 16, 2007. (Dkt. #9).

Because plaintiff's discrimination and retaliation claims are barred by the Release and plaintiff has otherwise failed to present "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," those claims must be dismissed. *Bell Atlantic Corp.*, 550 U.S. 544 at 555.

**III.    Plaintiff's Breach of Settlement Agreement Claim**

Having dismissed plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over plaintiff's contract claim.  *See* 28 U.S.C. §1367 ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)("in the usual case in which all federal-law claims are eliminated before trial, the balance of [judicial economy, convenience and fairness to litigants] will point toward declining to exercise jurisdiction over the remaining state-law claims").

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (Dkt. #3) is granted and the Amended Complaint is dismissed in its entirety.  Plaintiff's discrimination and retaliation claims pursuant to Title VII and the NYHRL are dismissed with prejudice, and the Court declines to exercise jurisdiction over plaintiff's remaining claim for breach of contract.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 10, 2009.