UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                                            Plaintiff,

                                                                               DECISION AND ORDER

                                                                               08-CV-6300L

                                  v.

HONEOYE FALLS LIMA CENTRAL
SCHOOL DISTRICT,

                                            Defendant.
_____

On November 10, 2009, this Court granted a motion by the defendant in this matter, the Honeoye Falls-Lima Central School District (the "District") to dismiss the complaint, primarily on the grounds that plaintiff's claims of discrimination were barred by a Release previously executed by plaintiff (Dkt. #3-3 at Exh. A, Dkt. #29). *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 669 F. Supp. 2d 330 (W.D.N.Y. 2009). On November 8, 2010, the Second Circuit affirmed that decision, finding that plaintiff's discrimination and breach of contract claims, which related to conduct pre-dating the Settlement Agreement, were properly dismissed. *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 399 Fed. Appx. 680 (2d Cir. 2010).

The Second Circuit ordered a limited remand, however, for the purpose of considering a factual allegation by plaintiff that appeared to post-date the Release, that "defendant terminated replacement health insurance benefits that she was eligible to receive under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") . . . while permitting other similarly situated white applicants to retain those benefits." *Id.*, 399 Fed. Appx. 680 at 681. Accordingly, the Court now considers whether plaintiff's allegation concerning the District's alleged discontinuation

of her COBRA coverage states a plausible federal claim. For the reasons set forth below, I find that it does not, and plaintiff's Amended Complaint is dismissed.

**DISCUSSION**

Familiarity with the underlying facts and procedural history is presumed.

In deciding whether a plaintiff has stated a plausible claim under Fed. R. Civ. Proc. 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff alleges that the District discriminated against her by "discontinu[ing her] COBRA coverage even though Plaintiff elected continuation of coverage," while continuing coverage for a "white employee" who was terminated around the same time. (Dkt. #1 at ¶19; Dkt. #9-2 at ¶¶182-184). Assuming *arguendo* that plaintiff's allegation that the other employee was "similarly situated" is sufficient to pass muster at the pleading stage, *Braphman-Bines v. N.Y. City Police Dep't*, 2004 U.S. Dist. LEXIS 26416 at *20-*21 (S.D.N.Y. 2004), plaintiff fails to state a claim against the District for either discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), or failure to comply with the requirements of COBRA.[1]

In alleging that the District discriminated against her by not "continuing her coverage," while "continuing coverage" for a similarly situated white employee, plaintiff appears to misapprehend the District's statutory obligations and role with respect to the continuation of COBRA benefits.

---

[1] Plaintiff's Amended Complaint (Dkt. #9) does not explicitly purport to plead a claim under COBRA. However, out of an abundance of caution and in the interest of granting every favorable inference to plaintiff's *pro se* pleading, the Court will examine that possibility.

- 2 -

"[COBRA] provides that, if an employer maintains a group health plan, the plan must provide continuation coverage for employees who would lose coverage because of a qualifying event. *The employer['s] only further obligation under COBRA is to notify the administrator of the qualifying event*, after which the administrator must give notice under COBRA to the particular beneficiaries of their right to continuation coverage." *Hylton v. RY Mgmt.*, 2006 U.S. Dist. LEXIS 51364 at *16 (S.D.N.Y. 2006) (emphasis added).

In her Amended Complaint, plaintiff appears to concede that she was informed of her rights, in that she "elected continuation of coverage." (Dkt. #9-2 at ¶¶183, 184). Thus, she has failed to state a claim that the District did not fulfill its notification duties under COBRA.[2]

Furthermore, even if plaintiff's allegations were intended to mean that she was not properly notified of her election rights by the plan administrator and was harmed thereby (whether that failure was motivated by discrimination or not), any claim that the District is liable for that failure is defective, because plaintiff has failed to name the plan administrator as a defendant, or to allege that the District acted as the plan administrator. *See Guzman v. Macy's Retail Holdings, Inc.*, 2010 U.S. Dist. LEXIS 29544 at *25-*26 (S.D.N.Y. 2010); *Press v. Concord Mortg. Corp.*, 2009 U.S. Dist. LEXIS 129474 at *19 n. 6 (N.D.N.Y. 2009); *Colodney v. Continuum Health Partners, Inc.*, 2004 U.S. Dist. LEXIS 6606 at *40 (S.D.N.Y. 2004). Similarly, if plaintiff's allegation is assumed to mean that she timely elected to continue coverage but that her election was, for some reason, not honored by the plan or its insurer, plaintiff has made no factual allegations by which the actions of those parties could be attributed to the District.

---

[2] Following the Second Circuit's partial remand, the Court permitted the parties an opportunity to submit additional materials pertaining solely to plaintiff's COBRA allegations, which had not been previously briefed. Although the Court's analysis of the defendants' motion to dismiss for failure to state a claim is limited to the four corners of the Amended Complaint, *Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007), I note that the evidence submitted by plaintiff in further support of her COBRA-related discrimination claim is entirely consistent with the factual allegations in her Amended Complaint. Both establish that plaintiff was informed of her rights under COBRA, and that she exercised them. (Dkt. #35).

If one views plaintiff's allegation regarding COBRA coverage as a claim that the District discriminated against her with respect to the relevant terms of her Settlement Agreement, which provided that plaintiff's health benefits would be extended for more than a year after she stopped working, through June 30, 2008, plaintiff has failed to state such a claim, and/or to satisfy the jurisdictional prerequisite of filing a timely administrative charge related to it. Plaintiff's agency charge of discrimination was limited to pre-termination claims of discrimination in the workplace, and plaintiff makes no allegation – nor does the record otherwise suggest – that her prior claims are sufficiently "reasonably related" to her COBRA claim to excuse her failure to file an administrative charge setting it forth (Dkt. #9 at ¶11). *See generally Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted discrimination claims which are not "reasonably related" to the claims recited in plaintiff's administrative complaint must be dismissed), *citing Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

Furthermore, even if plaintiff did make a timely agency complaint concerning discrimination related to the continuation of COBRA benefits, she has still failed to state the claim sufficiently because, as discussed above, she makes no allegation that the District is the plan administrator or can otherwise be held liable for the alleged temporary "discontinu[ation]" of plaintiff's health insurance benefits after her employment was terminated. (Dkt. #9-2 at ¶¶182-184).

In sum, plaintiff has failed to state a cause of action against the District relating to the extension of her health benefits pursuant to the Settlement Agreement, or the continuation of benefits under COBRA. I accordingly conclude that plaintiff's allegations of post-Release conduct on the part of the District fail to state a claim.[3] Those claims – all that remains of the instant action – are dismissed.

---

[3] In considering conduct alleged to have been undertaken by the District which postdates the Settlement Agreement, the Court notes that plaintiff has also alleged that the District breached the confidentiality terms of the Settlement Agreement by filing it with the Court in this case. Plaintiff, however, had already incorporated the Settlement Agreement by reference in her original complaint (Dkt. #1), and she proceeded to freely discuss the salient terms, without any objection to the District's disclosure of the Agreement, in her opposition to the District's motion to dismiss (Dkt. #5) and her Amended Complaint (Dkt. #9-2). I find that by placing the terms of the Agreement (and the District's compliance therewith) squarely in issue, and having readily disclosed and discussed the terms of the Agreement herself in repeated filings with this Court, plaintiff has waived her right to confidentiality. *See Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 296 (N.D.N.Y. 2008).

**CONCLUSION**

For the foregoing reasons, the District's motion to dismiss (Dkt. #3) is granted, and the Amended Complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 15, 2011.